SINGER CASHMAN LLP
Adam Cashman (CA Bar No. 255063)
acashman@singercashman.com
Doug Tilley (CA Bar No. 265997)
dtilley@singercashman.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone:  (415) 500-6080
Facsimile:  (415) 500-6080
*Attorneys for Eventbrite, Inc.*

SQUIRE PATTON BOGGS (US) LLP
Mark C. Dosker (CA Bar No. 114789)
mark.dosker@squirepb.com
Elliott J. Joh (CA Bar No. 264927)
elliott.joh@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
*Attorneys for Defendants Fab Loranger, Taurus Investment Group Inc., Taurus Site Services Inc., and Taurus Projects Group Inc.*

UNITED STATES DISTRICT COURT

NORTHERN COUNTY OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVENTBRITE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAB LORANGER, an individual; TAURUS INVESTMENT GROUP INC., a Canadian corporation; TAURUS PROJECTS GROUP INC., a Canadian corporation; TAURUS SITE SERVICES INC., a Canadian corporation; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO. 3:19-CV-04083-RS<br><br>**STIPULATED REQUEST UNDER CIV. L.R. 6-2(A) FOR ORDER FURTHER MODIFYING DEADLINE FOR SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES; STIPULATION FOR JURISDICTIONAL DISCOVERY** AS MODIFIED BY THE COURT<br><br>Related Case:  3:19-CV-04084-RS |

By and through their undersigned counsel of record, Plaintiff Eventbrite, Inc. ("Eventbrite") and Defendants Fab Loranger ("Mr. Loranger"), Taurus Investment Group Inc., Taurus Site Services Inc., and Taurus Projects Group Inc. (collectively, "Defendants" and, together with Eventbrite, the "Parties"), pursuant to Civ. L.R. 6-2(a) and 7-12, hereby submit this Stipulated Request for Order further modifying the Parties' current deadline to submit supplemental briefing concerning Defendants' motion to dismiss and to continue the Case Management Conference currently scheduled for December 10, 2020, and Stipulation for jurisdictional discovery:

WHEREAS, on October 10, 2019, Defendants moved to dismiss Eventbrite's First Amended Complaint for lack of personal jurisdiction, improper venue, and *forum non conveniens* (*see* Dkt. No. 38, Defendants' "Motion");

WHEREAS, after reviewing Eventbrite's Opposition to the Motion and Defendants' Reply in support of the same (*see* Dkt. Nos. 44, 47), and convening a hearing on November 14, 2019 to receive additional argument (*see* Dkt. No. 48), on November 19, 2019, the Court entered an Order (a) denying Defendants' Motion as to Mr. Loranger; (b) staying for 75 days Defendants' Motion as to the Taurus Defendants; (c) authorizing Eventbrite to take written and testimonial jurisdictional discovery; and (d) setting a February 3, 2020 deadline for the Parties to submit any supplemental briefing concerning Defendants' Motion (*see* Dkt. No. 52);

WHEREAS, on November 27, 2019, Eventbrite served jurisdictional discovery requests on Defendants;

WHEREAS, on December 17, 2019, the Court set a Case Management Conference for February 27, 2020, and related additional deadlines (*see* Dkt. No. 55);

WHEREAS, the Parties previously agreed to conduct a private mediation before Randall Wulff on March 31, 2020.  Accordingly, on January 8, 2020, the Parties submitted to the Court a Stipulation to modify the case calendar in order to facilitate such mediation (*see* Dkt. No. 58 (the "First Stipulation");

WHEREAS, on January 8, 2020, the Court approved the First Stipulation and entered an Order modifying the case calendar as requested by the Parties (*see* Dkt. Nos. 59, 60);

1   WHEREAS, due to the outbreak of COVID-19 and the travel, social, and other restrictions
2   imposed in light of the same, the Parties agreed to reschedule mediation for June 9, 2020, and in support
3   thereof to defer until after the rescheduled mediation Defendants' deadlines to respond to Eventbrite's
4   jurisdictional discovery requests; depositions pursuant to the Court's November 19, 2019 Order and
5   October 25, 2019 Order granting Eventbrite's Motion for Preliminary Injunction; further briefing on
6   Defendants' Motion; and other case action items.  Accordingly, on March 27, 2020, the Parties
7   submitted to the Court a Stipulation to modify the case calendar in order to accommodate the
8   rescheduled mediation date (*see* Dkt. No. 64 (the "Second Stipulation");

9   WHEREAS, on March 27, 2020, the Court approved the Second Stipulation and entered an
10  Order modifying the case calendar as requested by the Parties (*see* Dkt. No. 65);

11  WHEREAS, because the various travel, social, and other restrictions imposed in light of the
12  COVID-19 pandemic, including closure of the U.S.-Canadian border through at least June 21, 2020,
13  were not lifted in time to allow the Parties to attend the June 9, 2020 mediation in-person, the Parties
14  agreed to reschedule the mediation to July 28, 2020, and in support thereof to defer until after the
15  rescheduled mediation Defendants' deadlines to respond to Eventbrite's jurisdictional discovery
16  requests; depositions pursuant to the Court's November 19, 2019 Order and October 25, 2019 Order
17  granting Eventbrite's Motion for Preliminary Injunction; further briefing on Defendants' Motion; and
18  other case action items.  Accordingly, on May 26, 2020, the Parties submitted to the Court a Stipulation
19  to modify the case calendar in order to accommodate the rescheduled mediation date (*see* Dkt. No. 67
20  (the "Third Stipulation");

21  WHEREAS, on May 27, 2020, the Court approved the Third Stipulation and entered an Order
22  modifying the case calendar as requested by the Parties, and set a Case Management Conference for
23  December 10, 2020 (*see* Dkt. No. 69);

24  WHEREAS, because the various travel, social and other restrictions imposed in light of the
25  COVID-19 pandemic, including closure of the U.S.-Canadian border through at least August 21, 2020,
26  were not lifted in time to allow the Parties to attend the July 28, 2020 mediation in-person, the Parties
27  agreed to reschedule the mediation to October 27, 2020;
28

WHEREAS, to facilitate out-of-court resolution, the Parties have agreed to further defer until after the rescheduled mediation Defendants' deadlines to respond to Eventbrite's jurisdictional discovery requests; depositions pursuant to the Court's November 19, 2019 Order and October 25, 2019 Order granting Eventbrite's Motion for Preliminary Injunction; further briefing on Defendants' Motion; and other case action items.

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. In the event mediation fails to resolve the case, Defendants shall respond to Eventbrite's jurisdictional discovery requests and, subject to any objections they may assert, serve all documents and information responsive to such requests, on or before November 13, 2020;

2. To the extent Eventbrite perceives any deficiencies or defects in Defendants' written responses to Eventbrite's jurisdictional discovery requests and associated document productions, the Parties shall meet and confer promptly in order to avoid motion practice or narrow issues requiring the Court's intervention. To the extent the Parties agree that supplemental written responses and/or document productions are warranted, Defendants shall provide any such supplemental written responses and/or document productions by November 30, 2020;

3. In the event the Parties are unable to resolve any issues relating to Defendants' responses to Eventbrite's jurisdictional discovery requests and associated document productions, Eventbrite shall file appropriate motion(s) to compel on or before December 7, 2020. Defendants' opposition(s) to such motion(s) shall be filed on or before December 14, 2020. Eventbrite's reply(ies) to such opposition(s) shall be filed on or before December 21, 2020. The Parties will work with Court staff in order to facilitate an expedited hearing on any motion(s) filed under this Paragraph.

4. In the absence of any motion(s) by Eventbrite to compel further jurisdictional discovery responses from Defendants, unless otherwise agreed in writing by the Parties, Mr. Loranger will appear for deposition in San Francisco, California between December 7 and December 14, 2020, to testify as required under the Court's Orders dated October 25, 2019 and November 19, 2019. In the event that Eventbrite files any motion(s) to compel further responses, unless otherwise agreed in writing by the Parties, Mr. Loranger will appear for deposition in San Francisco, California 14 days after the latter of

(a) the Court's Order resolving the last outstanding such motion, or (b) the latest compliance date set by the Court for service by Defendants of supplemental responses;

5. In the absence of any motion(s) by Eventbrite to compel further jurisdictional discovery responses from Defendants, unless otherwise agreed in writing by the Parties, the witness(es) designated to testify on behalf of each Taurus Defendant pursuant to Fed. R. Civ. P. 30(b)(6) will appear for deposition in San Francisco, California between December 7 and December 14, 2020, to testify as required under the Court's November 14, 2019 Order.  In the event that Eventbrite files any motion(s) to compel further responses, unless otherwise agreed in writing by the Parties, the witness(es) designated to testify on behalf of each Taurus Defendant pursuant to Fed. R. Civ. P. 30(b)(6) will appear for deposition in San Francisco, California 14 days after the latter of (a) the Court's Order resolving the last outstanding such motion, or (b) the latest compliance date set by the Court for service by Defendants of supplemental responses.  Unless otherwise agreed in writing by the Parties, Eventbrite shall serve Topics for such depositions of the Taurus Defendants on or before November 23, 2020;

6. In the absence of any motion(s) by Eventbrite to compel further jurisdictional discovery responses from Defendants, unless otherwise agreed in writing by the Parties, any additional depositions noticed by Eventbrite under the Court's Orders dated October 25, 2019 and November 19, 2019 shall be completed on or before January 8, 2021.  In the event that Eventbrite files any motion(s) to compel further responses, unless otherwise agreed in writing by the Parties, any additional depositions noticed by Eventbrite under the Court's Orders dated October 25, 2019 and November 19, 2019 shall be completed within 21 days of the latter of (a) the Court's Order resolving the last outstanding such motion, or (b) the latest compliance date set by the Court for service by Defendants of supplemental responses;

7. In the absence of any motion(s) by Eventbrite to compel further jurisdictional discovery responses from Defendants, unless otherwise ordered by the Court, the Parties may submit up to ten pages of supplemental briefing in support of or opposition to the Taurus Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and *forum non conveniens* on or before January 22, 2021 (*see* Dkt. No. 38).  In the event that Eventbrite files any motion(s) to compel further responses, unless otherwise agreed in writing by the Parties or ordered by the Court, any supplemental briefing in

support of or opposition to the Taurus Defendants' motion to dismiss shall be submitted on or before 30 days after the latter of (a) the Court's Order resolving the last outstanding such motion, or (b) the latest compliance date set by the Court for service by Defendants of supplemental responses; and

8. Unless otherwise agreed in writing by the Parties, the Parties shall complete their discovery conference under Fed. R. Civ. P. 26(f) on or before November 11, 2020.

9. The Case Management Conference currently scheduled for December 10, 2020 shall be continued to February 11, 2021 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco.

10. In the event mediation is canceled, the Parties shall meet and confer regarding the deadlines set forth above and shall submit a revised schedule to the Court within seven business days of the cancellation of mediation. The unavailability of in-person mediation will not provide a justification for further extensions in this or any other revised schedule submitted by the Parties. Pursuant to Civ. L.R. 6-2(a), the Parties advise that there have been the following previous time modifications, whether by stipulation or Order of the Court: (1) a stipulation to extend Defendants' time to respond to Eventbrite's First Amended Complaint; (2) a stipulation modifying the briefing and hearing schedule applicable to Eventbrite's motion for preliminary injunction and application for writ for attachment (*see* Dkt Nos. 21, 22); (3) a stipulation further modifying the briefing and hearing schedule applicable to Eventbrite's motion for preliminary injunction and application for writ for attachment, and setting a briefing schedule for Defendants' Motion (*see* Dkt. Nos. 31, 32); (4) the First Stipulation and Order to modify the case calendar pending mediation (*see* Dkt. Nos. 58, 59); (5) the Second Stipulation and Order to modify the case calendar pending mediation (*see* Dkt Nos. 64, 65); (6) the Third Stipulation and Order to modify the case calendar pending mediation, which has now been rescheduled for October 27, 2020 as set forth above (*see* Dkt Nos. 67, 69) and (7) prior continuances of the initial Case Management Conference (*see* Dkt. Nos. 46, 55, 60, 65, 69).

Pursuant to Civ. L.R. 6-2(a), the Parties advise that the above Stipulation, if entered, would have only minor impact on the case calendar, by deferring the Case Management Conference and resolution of the Taurus Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and *forum non conveniens*. No Case Management Conference has yet been held. No trial date has been set.

Respectfully submitted,

SINGER CASHMAN LLP

Dated: August 4, 2020                     ____/s/ Adam Cashman_____
Adam Cashman
*Counsel for Plaintiff Eventbrite, Inc.*

SQUIRE PATTON BOGGS (US) LLP

Dated: August 4, 2020                     ____/s/ Mark C. Dosker_____
Mark C. Dosker
*Counsel for Defendants Fab Loranger, Taurus Investments Group Inc., Taurus Site Services Inc., and Taurus Projects Group Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 8/5/2020                           _____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

Pursuant to Civ. L.R. 5-1(i)(3), I attest that I have obtained from each signatory their concurrence to file this document.

Dated: August 4, 2020                     _____/s/ Elliott J. Joh_____
Elliott J. Joh